UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FREDA HAWKINS,

    Plaintiff,

v.                                               CASE NO. 8:06-cv-346-T-17MSS

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on Plaintiff's Objections to United States Magistrate Judge's Report and Recommendation (Doc. 20), filed by Freda Hawkins ("Plaintiff") on September 17, 2007. In her objections, Plaintiff petitions this Court to reject the Report and Recommendation ("R&R") of United States Magistrate Judge Mary S. Scriven (Doc. 17), issued on August 22, 2007.

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure and Rule 6.02 of the Rules of the United States District Court for the Middle District of Florida, parties have ten (10) days after service of the R&R to file written objections to the proposed findings and recommendations or be barred from attacking the factual findings on appeal. Plaintiff's written objections were filed on September 17, 2007.

### I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1), when a party makes specific written objections to an R&R, the district court shall review the specified determinations *de novo*. 28 U.S.C. § 636(b)(1) (cited by *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *Jeffrey S. v. State Bd. of Educ. of State of*

*Ga.*, 896 f.2d 507, 512 (11th Cir. 1990)). After such review, the judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Additionally, the judge may receive further evidence or recommit the matter to the magistrate judge with instructions. *Id.*

## II. ANALYSIS

Plaintiff's written objections contain two specific requests of this Court: **(A)** this Court should reject the Magistrate Judge's recommended finding that the Administrative Law Judge ("ALJ") set forth good cause for rejecting the opinion of Dr. Kochno, Ms. Hawkins' long time treating pain specialist, and **(B)** this Court should reject the Magistrate's recommended finding that the ALJ properly considered the side effects of Ms. Hawkins' medications. For the following reasons, this Court **DENIES** Plaintiff's requests.

### A. This Court Should Reject the Magistrate Judge's Recommended Finding that the ALJ Set Forth Good Cause For Rejecting the Opinion of Dr. Kochno, Ms. Hawkins' Long Time Treating Pain Specialist.

The Magistrate Judge expressly acknowledged the "treating physician rule," which holds that an ALJ may not reject a treating physician's opinion, such as that of Dr. Kochno in the case at bar, without good cause. *Edwards v. Sullivan*, 937 F.2d 580, 583 (11th Cir. 1991). Such good cause exists if the opinion is wholly conclusory, unsupported by the objective medical evidence in the record, inconsistent within itself, or appears to be based primarily on the patient's subjective complaints. *Id.*; *see Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159-60 (11th Cir. 2004). Plaintiff argues that the ALJ erred in finding that good cause existed to reject Dr. Kochno's opinion. (Doc. 20 at 1). In reviewing the ALJ's finding, the Magistrate Judge was required to affirm if it was supported by substantial evidence in the record as a whole. 42 U.S.C § 405(g) (2006). "Substantial evidence is 'such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion.'" *Falge v. Apfel*, 150 F.3d 1320, 1322 (11th Cir. 1998) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). On objection, Plaintiff now contends that such substantial evidence does not exist. (Doc. 20 at 1).

Plaintiff first asserts that the Magistrate Judge was incorrect in finding that the opinion of Dr. Kochno was inconsistent with that of Dr. King, another treating physician. (Doc. 20 at 1-2). Plaintiff points out that Dr. King's notes state that Plaintiff came to his office "complaining of significant exacerbation of her neck pain since the accident with pain radiating down both upper extremities." (Tr. 139). Although this note may be consistent with Dr. Kochno's notes, it is merely a documentation of Plaintiff's subjective complaints, not a medical opinion. According to Plaintiff, Dr. King never actually offered a medical opinion regarding her physical restrictions; however, the record contains at least two reports in which Dr. King stated that Plaintiff had a "mild to moderate restriction of the range of motion of her neck." (Tr. 139, 144). Plaintiff's reliance on several cases emphasizing a judge's inability to act as a physician is, therefore, misapplied, as the Magistrate Judge did not attempt to do so. *See Rivera-Torres v. Sec'y of Health & Human Servs.*, 837 F.2d 4, 7 (1st Cir. 1988); *Marbury v. Sullivan*, 957 F.2d 837, 840-41 (11th Cir. 1992).

Plaintiff next objects to the Magistrate Judge's finding that Dr. Kochno's opinion is not consistent with the objective medical evidence of record. (Doc. 20 at 3). Plaintiff references several MRI results and medical authorities in support of her argument; however, it is not the current role of this Court to form medical conclusions based on Plaintiff's research. (Doc. 20 at 3-5). Rather, as previously stated, this Court now examines the Magistrate Judge's decision to determine whether she properly affirmed the ALJ's findings; a standard which requires support by substantial evidence in the record as a whole. 42 U.S.C § 405(g). The Magistrate Judge's

R&R cites to several of Plaintiff's MRI examinations, which together fail to "demonstrate evidence of severe arthritic changes in Plaintiff's neck, shoulders, or back," and are, therefore, inconsistent with the opinion of Dr. Kochno. (Doc. 17 at 8).

Third, Plaintiff argues that the Magistrate Judge erred by citing to the opinion of Dr. Proctor, the examining physician. (Doc. 20 at 5-6). Plaintiff emphasizes that Dr. Kochno was her treating physician, while Dr. Proctor met with her only once on November 21, 2002. (Doc. 20 at 5). Additionally, Plaintiff references Section 404.1527(d)(2) of the Code of Federal Regulation, which states that generally, the opinions of treating sources are given more weight than those of individual examiners. *See Mills v. Astrue*, 226 Fed. Appx. 926 (11th Cir. 2007). While this may be *generally* correct, this Court also recognizes Section 404.1527(d)(4), which provides that "[g]enerally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion." It is without question that Dr. Kochno's opinion is the outcast among an otherwise consistent record of physicians' findings and objective medical evidence; therefore, this Court finds that the Magistrate Judge did not err in accepting the ALJ's decision to weigh it accordingly.

Lastly, Plaintiff argues that the Magistrate Judge erred in finding that Dr. Kochno's opinion is inconsistent with Plaintiff's limited daily activities. (Doc. 20 at 6). Dr. Kochno's medical evaluation form states that Plaintiff's physical activities are "severely limited," but as Plaintiff herself reported during her November 22, 2002, evaluation, she still washes dishes, washes laundry, makes her bed, and prepares microwave meals on a daily basis, in addition to shopping once a week and driving a vehicle five to six times per week. (Tr. 373, 164). On objection, Plaintiff now raises Eleventh Circuit case law, which denies that "participation in everyday activities of short duration, such as housework or fishing, disqualifies a claimant from

4

disability. . . ." *Lewis v. Callahan*, 125 F.3d 1436, 1441 (11th Cir. 1997). Plaintiff further argues that these activities "are not dispositive evidence of one's ability to perform sedentary work in a Social Security case." *Venette v. Apfel*, 14 F. Supp.2d 1307, 1314 (S.D.Fla. 1998)). What Plaintiff fails to recognize is that the ALJ did not apply this information as dispositive evidence of her disability; it was merely used as one of several factors considered in evaluating the weight that Dr. Kochno's assessment was to be given. Moreover, the Magistrate Judge simply treated the evidence as one of several elements, which together satisfy the "substantial evidence" standard of 42 U.S.C. § 405(g).

For the foregoing reasons, this Court holds that the Magistrate Judge did not err in finding that the ALJ set forth good cause for rejecting the opinion of Dr. Kochno. This Court, therefore, denies Plaintiff's request for the rejection of the Magistrate Judge's recommendation on this issue.

B. **This Court Should Reject the Magistrate's Recommended Finding that the ALJ Properly Considered the Side Effects of Ms. Hawkins' Medications.**

Plaintiff asserts that the Magistrate Judge erred in finding that the ALJ properly considered the side effects of Plaintiff's medications; however, Plaintiff's assertion is without merit. (Doc. 20 at 8). As the Magistrate Judge recognized, "[t]he ALJ expressly acknowledged his obligation to consider all symptoms, including pain, in evaluating Plaintiff's claim of disability." (Doc. 17 at 11); (Tr. 17, 19). The Magistrate Judge also quoted the ALJ's statement that Plaintiff "has not, as she testified, complained to any of her doctors of significant side effects of any medications she is taking." (Doc. 17 at 11); (Tr. 20). Plaintiff argues that this statement is factually incorrect due to the Magistrate Judge's failure to reference the records from Manatee Rural Health Services, which "document her reaction to Protonix, Relafon, and Prinvil, indicating that these drugs make her feel sleepy, fatigued and/or lethargic." (Doc. 20 at 8); (Tr.

5

190, 191, 303, 304). While these reports do include such reactions, they are untimely and, therefore, irrelevant to the ALJ's inquiry. The reactions were documented on July 13, 2000, August 5, 2002, and August 12, 2002, but Plaintiff didn't file applications for disability benefits until October 15, 2002, alleging an onset date of September 26, 2002. (Tr. 50-52, 56, 190-91, 303-04). Plaintiff's medication side effects occurred prior to her alleged disability.

The Magistrate Judge expressly recognized that "[t]he only evidence indicating Plaintiff's drowsiness throughout the period of her alleged disability is within Dr. Kochno's treating notes," and Dr. Kochno did not classify Plaintiff's complaints as side effects of her medication. (Doc. 17 at 11); (Tr. 262, 266, 271, 280, 285, 371). Plaintiff now asserts that these notes should not be a basis of finding that she failed to complain of medication side effects because she was in no position to classify them as such to Dr. Kochno. (Doc. 20 at 9). Plaintiff relies on *Brown v. Barnhart*, in which the court explained that just because the claimant:

> did not specifically refer to his symptoms as 'medication side effects' when he complained of them should not negatively reflect upon his credibility. To the extent the ALJ's analysis of Brown's credibility hinged on this issue, the ALJ's analysis was in error. It is entirely unreasonable to expect that a layman such as Brown should be required to determine that his symptoms are, in fact, due to 'medication side effects' and report them specifically as such. The fact that he complained of the symptoms alone is sufficient.

285 F.Supp.2d 919, 935 (S.D. Tex. 2003). Although Plaintiff raises a valid point, this Court recognizes that it only places the ALJ's analysis of Plaintiff's credibility in error to the extent that it hinged on this issue. *Id.* The ALJ's determination of Plaintiff's credibility went well beyond her lack of medication side effect complaints. As the Magistrate Judge noted, the ALJ found Plaintiff's testimony regarding her complaints of pain to be "excessive and not fully supported by the record." (Doc. 17 at 14); (Tr. 19). For example, Plaintiff testified that arthritis was one reason she stopped working around her alleged onset date of disability; however, she

had never been diagnosed with arthritis. (Tr. 159). In addition, the ALJ acknowledged that the doctors who documented Plaintiff's case specifically noted her tendency to exaggerate her conditions. (Tr. 14). Dr. Proctor's notes stated that she was melodramatic. (Tr. 160). Dr. Hoffman's notes said that he had to "get this lady to stop running to the emergency room for every little side effect." (Tr. 404). It is therefore clear that Plaintiff's lack of medication side effects weighed very little in the ALJ's cumulative balance of her credibility.

For the foregoing reasons, this Court holds that the Magistrate Judge did not err in finding that the ALJ properly considered Plaintiff's medication side effects. This Court, therefore, denies Plaintiff's request for the rejection of the Magistrate Judge's recommendation on this issue.

## III. CONCLUSION

This Court has thoroughly reviewed the Report and Recommendation of United States Magistrate Judge Mary S. Scriven and made an independent review of record. Upon due consideration, this Court concurs with the Report and Recommendation. Accordingly, it is

**ORDERED** that the Report and Recommendation, dated August 22, 2007 (Doc. 17) be **ADOPTED** and **INCORPORATED BY REFERENCE**; this Court finds that the decision of the Commissioner of Social Security should be **AFFIRMED**. The Clerk of Court is directed to enter judgment for the Defendant and close the case and terminate any pending motions.

**DONE and ORDERED** in chambers, in Tampa, Florida, this ___ day of March, 2008.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to: All parties and counsel of record.